**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| VA 365 LLC, | **Civil Action No. 23-2628-AME** |
| Plaintiff, | **OPINION and ORDER** |
| v. | |
| SINE TRADING INTERNATIONAL LLC, | |
| Defendant. | |

**ESPINOSA, U.S.M.J.**

This matter is before the Court on the unopposed motion by Plaintiff VA 365 LLC ("Plaintiff") for entry of a preliminary injunction against Defendant Sine Trading International LLC ("Defendant"), to enjoin Defendant from "further disposition of the property located at 1439 N Franklin Street, Pittsburgh, PA 15233" (the "Pittsburgh Property") and from "transferring any other assets outside the normal course of business." (Mot. at 1.) [D.E. 49]. The Court has considered Plaintiff's written submissions and rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is denied.

This action for breach of contract arises out of a commercial lease between Plaintiff, as landlord, and Defendant, as tenant, concerning a property located at 365 Coit Street in Irvington, New Jersey. On May 15, 2023, Plaintiff filed a Complaint alleging Defendant breached the lease in various ways and seeking money damages. The Court held a bench trial in September 2024 and heard closing arguments in October 2024.

While a trial decision remained pending, Plaintiff filed a December 19, 2024 letter advising the Court that it learned Defendant conveyed the Pittsburgh Property to its principal

1

Wayne Fu on or about September 26, 2024, shortly after the trial of this matter. Plaintiff stated it believed the Pittsburgh Property to be Defendant's only asset and contended the conveyance constituted an effort to avoid satisfaction of a potential judgment in this action. Plaintiff sought leave to file a motion for preliminary injunction to prevent further dissipation of assets under a Pennsylvania statute it maintained applies here. The Court held a telephonic conference to address Plaintiff's request and, despite expressing doubts concerning the availability of injunctive relief in this breach of contract action, permitted Plaintiff to file its motion.

A "'preliminary injunction is an extraordinary and drastic remedy.'" *Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 202 (3d Cir. 2024) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). Although a decision concerning such relief is discretionary, determining whether a preliminary injunction is warranted requires the Court to consider the "four canonical guideposts" of injunctive relief: "(1) the likelihood of success on the merits; (2) the risk of irreparable injury absent preliminary relief; (3) the balance of equities; and (4) the public interest." *Id.* at 201- 202 (citing *Winter v. NRDC*, 555 U.S. 7, 20 (2008)). "The four-factor preliminary injunction standard requires the moving party first to demonstrate a reasonable likelihood of success and that it would likely suffer irreparable harm absent an injunction." *ADP, LLC v. Rafferty*, 923 F.3d 113, 119-120 (3d Cir. 2019). Only after those two threshold factors are established should the Court proceed to balance them together with the private and public interests at issue. *Id.* at 120.

Here, Plaintiff fails to make the threshold showing required for a preliminary injunction. First, as to likelihood of success on the merits, Plaintiff maintains it has a clear right to relief under the Pennsylvania Uniform Voidable Transactions Act, 12 Pa.C.S. § 5101, *et seq.*, which in relevant part provides that "[a] transfer made or obligation incurred by a debtor is voidable as to

2

a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation … with actual intent to hinder, delay or defraud any creditor of the debtor." 12 Pa.C.S. § 5104(a)(1). Plaintiff argues it is likely to prevail on an action it has initiated in Pennsylvania to deem the sale of the Pittsburgh Property voidable under that statute, contending Defendant sold the Pittsburgh Property to avoid its payment obligation under an anticipated judgment in this action. Thus, Plaintiff asks this Court to impose an injunction restraining Defendant and its principal from further asset transfers to preserve the status quo pending resolution of Plaintiff's breach of contract claim.

However, in this action, Plaintiff has not pled a fraudulent conveyance claim, under either the Pennsylvania statute or any New Jersey counterpart. Rather, the Complaint in this action asserts a sole claim for breach of contract concerning a commercial lease for a property located in Irvington, New Jersey. The first essential prong of a preliminary injunction analysis— likelihood of success on the merits—requires a substantive examination of the claim at issue. *Winter*, 555 U.S. at 20; *see also Glossip v. Gross*, 576 U.S. 863, 876-77 (2015) (holding "[t]o obtain a preliminary injunction, petitioners must establish, among other things, a likelihood of success on the merits of *their claim*" and concluding petitioners failed to meet this requirement as to their claim for relief) (emphasis added); *Winston v. Lee*, 470 U.S. 753, 757 (1985) (reviewing denial of preliminary injunction for failure by movant to establish likelihood of success on his Section 1983 claim for violation of the Fourth Amendment). Without expressing any view on the potential merits of Plaintiff's claim to deem the Pittsburgh Property conveyance voidable under the Pennsylvania Uniform Voidable Transactions Act and for such related relief, the Court simply notes that statutory claim is not pending in this action. Plaintiff cannot

demonstrate a likelihood of success on the merits on a fraudulent transfer claim it does not pursue in this action.

Second, insofar as Plaintiff seeks a preliminary injunction to preserve its right to relief under the breach of contract claim, that effort fails for lack of demonstrated irreparable injury. To demonstrate this prong, a movant must show "that remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) ("to show irreparable harm, the plaintiff must demonstrate potential harm which cannot be redressed by a legal remedy."). The Third Circuit has held that irreparable injury on a breach of contract claim may be found in two situations: "(1) where the subject matter of the contract is of such a special nature or peculiar value that damages would be inadequate; or (2) where because of some special and practical features of the contract, it is impossible to ascertain the legal measure of loss so that money damages are impracticable." *ECRI v. McGraw Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987). However, if the loss on a breach of contract claim "is capable of ascertainment and award at final judgment," the plaintiff cannot demonstrate an immediate risk of actual irreparable harm. *Levine v. BlockFi Inc.*, No. 21-11934, 2021 WL 3508831, at *2 (D.N.J. Aug. 9, 2021).

Here, based on the evidence presented at trial, Plaintiff has demonstrated a likelihood of success on the merits of its breach of contract claim. However, there is no indication the harm caused by the alleged breach cannot remedied by an award of monetary damages, notwithstanding Plaintiff's belief that the Pittsburgh Property is Defendant's sole asset. Indeed, as Plaintiff's trial evidence demonstrated, the claimed loss is capable of ascertainment and award at final judgment. Thus, injunctive relief is not warranted.

Accordingly, for the foregoing reasons, Plaintiff's motion for a preliminary injunction

[D.E. 49] is **DENIED**.

**SO ORDERED** this 28th day of April 2025.

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

5