UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VA 365 LLC,<br><br>                      Plaintiff,<br><br>        v.<br><br>SINE TRADING INTERNATIONAL LLC,<br><br>                      Defendant. | Civil Action No. 23-2628-AME<br><br>**OPINION and ORDER** |

**ESPINOSA, U.S.M.J.**

       This matter comes before the Court on the unopposed motion by plaintiff VA 365 LLC ("Plaintiff") for an award of fees and costs, filed in accordance with the Final Order and Judgment of April 28, 2025 ("Judgment") [D.E. 53]. The Court has reviewed Plaintiff's submissions and considered the motion without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the motion is granted, and the Court awards Plaintiff attorneys' fees and costs in the combined amount of $97,987.62.

       Following a bench trial, the Court entered Judgment in Plaintiff's favor on its breach of contract claim in the amount of $521,866.08. *See* Judgment, at D.E. 52. As set forth in the accompanying Findings of Fact and Conclusions of Law of April 28, 2025 ("FOF/COL"), the Court concluded that, as the prevailing party, Plaintiff was entitled to recover attorneys' fees and costs under the governing contract. *See* FOF/COL, ¶ 101, at D.E. 51. Accordingly, the Court directed that Plaintiff file a motion for an award of fees and costs.

       Here, in accordance with the Local Civil Rule 54.2, Plaintiff submits the Declaration of Louis I. Lipsky, of the law firm Lipsky and Brandt, attorneys for Plaintiff during the entirety of the litigation ("Lipsky Decl."). Mr. Lipsky, the firm's managing partner, was primarily

1

responsible for this action. *See* Lipsky Decl. ¶ 4. He handled all aspects of this matter, oversaw the work performed by associate Rachel I. Freeman, and received additional assistance from partner Brian P. Perini. *Id.* ¶ 4-6. In his declaration, Mr. Lipsky sets forth the extensive legal services provided during the pretrial stage of this action, including the drafting of pleadings, discovery and motion practice. *Id.* ¶ 8. Further, he provides information concerning Plaintiff's good faith but fruitless efforts to reach a negotiated resolution, the subsequent need to proceed to trial, and the work required to prepare this matter for trial, try the action, and thereafter draft and file post-trial submissions. *Id.*

Plaintiff also submits comprehensive and detailed invoices itemizing the work performed, describing the nature of the task and accounting for the time spent by the attorney performing the work. *See* Mot., Ex. D. The Lipsky Declaration and the invoices set forth each attorney's applicable billing rate. *See* Lipsky Decl. ¶¶ 4-6, Mot. Ex. D. Additionally, Plaintiff's motion includes receipts and other documentation showing the out-of-pocket expenses incurred by Lipsky and Brandt in connection with this action. *See* Mot. Ex. E.

Based on the foregoing, Plaintiff seeks reimbursement of $94,076.25 in attorneys' fees and $3,911.37 in costs.

The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of its request. *Interfaith Cmty. Org. v. Honeywell, Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). To do so, it must provide evidence "supporting the hours worked and rates claimed." *Id.* (quotations omitted). If the fee application is opposed, the opposing party must then challenge the reasonableness of the requested fee, "by affidavit or brief with sufficient specificity to give fee applicants notice." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The

Court "must conduct a thorough and searching analysis" in considering a motion for attorneys' fees. *Interfaith Cmty. Org.*, 426 F.3d at 703 n.5 (quotation omitted).

To determine the amount of a reasonable fee award, the Court must begin by calculating the lodestar, which is the "'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The lodestar is strongly presumed to yield a reasonable fee." *Washington v. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). A court analyzing a fee application must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pub. Interest Research Grp. Of N.J. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (quoting *Hensley*, 461 U.S. at 433-34). The Court has the discretion to make certain adjustments to the lodestar. *Rode*, 892 F.2d at 1183. However, the Third Circuit has held that district courts "may not reduce an award *sua sponte*. Reductions are only appropriate in response to specific objections made by the opposing party." *Stadler v. Abrams*, No. 13-2741, 2018 WL 3617967, at *2 (D.N.J. July 30, 2018) (citing *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 719 (3d Cir. 1989)).

The Court has carefully reviewed Plaintiff's motion, the Lipsky Declaration, and the invoices submitted in support of the requested fee award. Additionally, it has considered billable rates for commercial litigation in this market, particularly the hourly rate charged by a New Jersey attorney concentrating in real estate litigation, which exceeds $1,000, and the prevailing rates for attorneys working in the Philadelphia area. *See* Mot., Ex. F and G. Based on the foregoing, the Court determines the lodestar to be $94,076.25. This calculation consists of the

time spent by each attorney from the firm of Lipsky and Brandt who worked on this matter and his or her corresponding hourly rate,[1] as follows:

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| Lipsky | 120.75 | 550.00 | $66,412.50 |
| Lipsky | 22 | 510.00 | $11,220.00 |
| Freedman | 3.25 | 375.00 | $1218.75 |
| Freedman | 69 | 325.00 | $22,425.00 |
| Perini | 4 | 400.00 | $1,600.00 |

These billed hours total $102,876.25. However, the lodestar calculation reflects a credit of $8,880.00 that was applied to the final invoice, reflecting an adjustment for estimated trial time that was previously charged to the client but not expended by counsel.

      Plaintiff's requested fee award is equal to the lodestar. The Lipsky and Brandt invoices demonstrate the time spent by counsel on this matter was necessary to the litigation of this case from its filing through trial. There is no indication that the attorneys' efforts, tasks performed, and/or charges associated with that work were excessive. Moreover, the applicable billing rates are reasonable "according to the prevailing market rates in the relevant community." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). The Court is satisfied that, given the attorneys' respective educational backgrounds, experience, and expertise, as set forth in the Lipsky Declaration, their hourly billing rates are reasonable when measured against prevailing rates in the northern New Jersey legal market.

---

[1] The Lipsky Declaration makes clear that the firm's hourly rates increased from the commencement of this action in 2023 to the present. As such, the chart showing the basis for the lodestar distinguishes time spent by each attorney according to the applicable rate.

Therefore, the Court concludes Plaintiff has carried its burden of demonstrating the attorneys' fee amount sought is reasonable and warranted. The requested award is consistent with the lodestar. Its reasonableness is further buttressed by the fact that the attorneys' fees total less than twenty percent of the recovery Plaintiff obtained on its breach of contract claim. And, Defendant has filed no opposition to this motion or otherwise contended that the requested fee award is excessive or unreasonable.

Plaintiff has also demonstrated it is entitled to reimbursement for costs incurred in connection with this action. It seeks $3,911.37 for various expenses, including copying, court fees, deposition transcripts, trial exhibits and binders, and the trial transcript required to prepare Plaintiff's post-trial submission. These expenses are adequately substantiated by the invoices submitted in support of the motion.

Accordingly,

**IT IS** on this 22nd day of August 2025,

**ORDERED** that Plaintiff's motion for an award of attorneys' fees and costs [D.E. 53] is **GRANTED**; and it is further

**ORDERED** that Plaintiff is awarded $97,987.62, consisting of $94,076.25 in attorneys' fees and $3,911.37 in costs.

      /s/ *André M. Espinosa*
      ANDRÉ M. ESPINOSA
      United States Magistrate Judge